IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARION C. WOLFE, Jr.,

    Petitioner,                        No. CIV 05-1498 MCE KJM P

    vs.

JEANNE S. WOODFORD, et al.,

    Respondents.                    FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prison inmate proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging the loss of custody credits. Respondent has opposed the petition, arguing that petitioner's attack on his loss of thirty days' credit is barred by the statute of limitations and his challenge to the denial of restoration of credits is meritless.

I. Background

        On March 29, 2003, petitioner complained to correctional officers when his meal tray did not contain a piece of cornbread. Amended Petition (Am. Pet.), Exs. at 59. He filed a grievance that day, asking for his "full issue of food w/o BS." Id.

        On March 30, 2003, petitioner filed a second grievance, Log No. 03-0520, claiming that he had been "threaten [sic] in retaliation" by Sergeant Alleva for preparing a grievance about the missing cornbread. Am. Pet., Exs. at 61-63. Petitioner pursued this

grievance through the Director's Level, which issued its denial on August 15, 2003. Am. Pet., Exs. at 108 (Director's Level decision, log no. 03-520).

On April 4, 2003, Sergeant Alleva signed a Rules Violation Report, stemming from the cornbread incident. Alleva alleged that petitioner became "verbally disruptive" and continued his "disruptive behavior" even though Alleva warned him to desist. Am Pet., Exs. at 79-80 (log no. 203-04-002).

A disciplinary hearing was held on April 29, 2003; petitioner was found guilty of the charge of disruptive behavior and assessed a thirty day credit forfeiture. Am. Pet., Exs. at 158-167. Petitioner pursued an administrative appeal of this finding through the Director's Level, which issued its denial on September 2, 2003. Am. Pet., Exs. at 113-116 (grievance, log no. 03-0691), 179 (Director's Level, log no. 03-691.)

On August 11, 2004, petitioner filed a grievance challenging the denial of his request for the restoration of the thirty days credit assessed for the incident of March 29, 2003. Am. Pet., Exs. at 35-38. He pursued this claim through the third level of review; the Director's Level denial was issued on April 11, 2005. Am. Pet., Exs. at 57.

This court originally recommended that this action be dismissed for a failure to exhaust state remedies, but vacated that recommendation when petitioner provided proof that he had raised these challenges in the California Supreme Court. See Docket Nos. 7, 8, 12, 13. In his request to show proof of exhaustion, petitioner provided a copy of the state habeas petition he filed in the California Supreme Court. Docket No. 12 at 5-21.[1] Petitioner's list of prior actions included in the instant habeas petition shows that the issues raised herein also were presented to the Solano County Superior Court. Am. Pet., Exs. at 33.

Respondent has asked the court to take judicial notice of the records of Solano County Superior Court, which show that petitioner has filed only one habeas petition in the

---

[1] The court cites to the page numbers provided by its ECF system.

1  Solano County Superior Court and that it was filed on August 29, 2005, and denied on October
2  27, 2005.  Petitioner does not dispute these records or respondents' characterization in his reply
3  to the answer.[2]  Judicial notice of these records is appropriate.
4    Around the same time, on August 25, 2005, petitioner filed a habeas petition in
5  the California Supreme Court; this was denied on October 12, 2005.  Docket No. 12 at 5, 24.
6    The original petition in this case was filed on July 26, 2005.  Docket No. 1.
7  II.  The Statute Of Limitations
8    The AEDPA includes a statute of limitations for filing a habeas petition:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.  In challenges to administrative decisions, such as those issued after

---

[2] Online records for Sacramento County Superior Court show that petitioner had filed one writ on January 8, 2003, before the events in question, and another on March 24, 2005. The others fall outside the relevant time period. See https://services.saccourt.com/indexsearchnew (search of criminal cases by petitioner's name; accessed June 30, 2008).

disciplinary hearings, the statute of limitations is triggered by the date a petitioner learns of the final denial of the administrative appeal. Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004). In this case, the Director's Level decision on petitioner's appeal from the disciplinary finding was issued on September 2, 2003, and petitioner does not dispute that he was notified of this decision in a timely fashion. Id. (petitioner's burden to show different trigger date).

Accordingly, the statute of limitations began to run on September 3, 2003, and would expire on September 3, 2004, absent tolling. Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002) (calculation of AEDPA time limits is governed by Fed. R. Civ. P. 6(a), which excludes the day of the event from calculation of a time period).

The statute of limitations is tolled during the pendency of any "properly filed" state collateral attack on the judgment. Nino v. Galaza, 183 F.3d 1003, 1006-07 (9th Cir. 1999). However, a state petition filed after the limitations period has run will neither revive nor toll the statute of limitations. Jimenez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001). In this case, the two essentially simultaneous petitions were filed in August 2005, almost a year after the statute of limitations had run. Petitioner does argue that he pursued the retaliation issue in a civil rights action filed in this court, Wolfe v. Alameida, Civ. No. S-03-2574 LKK KJM P, and suggests that he filed this habeas action only after the court screened out the claims stemming from the disciplinary proceedings under the doctrine of Heck v. Humphrey, 512 U.S. 477 (1994). Traverse ¶ 11; see Wolfe v. Alameida, et al., Civ. No. S-03-2574 (docket no. 39). This civil rights action provides no basis for statutory tolling. Cf. Duncan v. Walker, 533 U.S. 167, 174-81 (2001) (no tolling during pendency of federal habeas).

A habeas petitioner may be entitled to equitable tolling if circumstances beyond his control make it impossible for him to file his petition on time. Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). Petitioner has not suggested he is entitled to equitable tolling.

Accordingly, claims 1 through 3, relating to the actual loss of the thirty days of credit, are barred by the statute of limitation.

III. <u>Equal Protection</u>

    A. <u>Standards Under The AEDPA</u>

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). Federal habeas corpus relief also is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (referenced herein in as "§ 2254(d)" or "AEDPA"). See <u>Ramirez v. Castro</u>, 365 F.3d 755, 773-75 (9th Cir. 2004) (Ninth Circuit affirmed lower court's grant of habeas relief under 28 U.S.C. § 2254 after determining that petitioner was in custody in violation of his Eighth Amendment rights and that § 2254(d) does not preclude relief); <u>see</u> <u>also</u> <u>Lockyer v. Andrade</u>, 538 U.S. 63, 70-71 (2003) (Supreme Court found relief precluded under § 2254(d) and therefore did not address the merits of petitioner's Eighth Amendment claim).[3] Courts are not required to address the merits of a particular claim, but may simply deny a habeas application on the ground that relief is precluded by 28 U.S.C. § 2254(d). <u>Lockyer</u>, 538 U.S. at 71 (overruling <u>Van Tran v. Lindsey</u>, 212 F.3d 1143, 1154-55 (9th Cir. 2000), in which the Ninth Circuit required district courts to review state court decisions for error before determining whether relief is precluded by § 2254(d)). It is the habeas petitioner's burden to show he is not precluded from obtaining relief

---

[3] In <u>Bell v. Jarvis</u>, 236 F.3d 149, 162 (4th Cir. 2000), the Fourth Circuit Court of Appeals held in a § 2254 action that "any independent opinions we offer on the merits of constitutional claims will have no determinative effect in the case before us . . . At best, it is constitutional dicta." However, to the extent <u>Bell</u> stands for the proposition that a § 2254 petitioner may obtain relief simply by showing that § 2254(d) does not preclude his claim, this court disagrees. Title 28 U.S.C. § 2254(a) still requires that a habeas petitioner show that he is in custody in violation of the Constitution before he or she may obtain habeas relief. <u>See</u> <u>Lockyer</u>, 538 U.S. at 70-71; <u>Ramirez</u>, 365 F.3d at 773-75.

5

by § 2254(d).  See Woodford v. Visciotti, 537 U.S. 19, 25 (2002).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) are different.  As the Supreme Court has explained:

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts.  The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case.  The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams [v. Taylor, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

Bell v. Cone, 535 U.S. 685, 694 (2002).  A state court does not apply a rule different from the law set forth in Supreme Court cases, or unreasonably apply such law, if the state court simply fails to cite or fails to indicate an awareness of federal law.  Early v. Packer, 537 U.S. 3, 8 (2002).

The court will look to the last reasoned state court decision in determining whether the law applied to a particular claim by the state courts was contrary to the law set forth in the cases of the United States Supreme Court or whether an unreasonable application of such law has occurred.  Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002), cert. dismissed, 538 U.S. 919 (2003).  Where the state court fails to give any reasoning whatsoever in support of the denial of a claim arising under Constitutional or federal law, the Ninth Circuit has held that this court must perform an independent review of the record to ascertain whether the state court decision was objectively unreasonable.  Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003).  In other words, the court assumes the state court applied the correct law, and analyzes whether the decision of the state court was based on an objectively unreasonable application of that law.

It is appropriate to look to lower federal court decisions to determine what law has been "clearly established" by the Supreme Court and the reasonableness of a particular application of that law.  See Duhaime v. Ducharme, 200 F.3d 597, 598 (9th Cir. 1999).

B.  Equal Protection

Under California regulations, an inmate may seek to have forfeited credit restored after completing a disciplinary-free period.  15 Cal. Code Regs. § 3327(b).  As defined by the regulations, the disciplinary free period "shall commence the day following issuance of the CDC Form 115."  15 Cal. Code Regs. § 3328 (a).

In his fourth claim, petitioner alleges he was denied equal protection when his request for credit restoration was denied while that submitted by an inmate Nobleton was granted.  Am. Pet. at 6.  The exhibits attached to the amended petition show that petitioner's request was denied because he received a second rules violation report less than a month after receiving the report for the protest over the cornbread.  Am. Pet., Exs. at 35-38, 57.  Nobleton's request ultimately was granted because his second rules violation occurred on the same day as the one for which he sought restoration of credit.  Am. Pet., Exs. at 47-48.

The Ninth Circuit has recognized the potential equal protection problem when sentencing laws are not applied in an evenhanded manner.  McQueary v. Blodgett, 924 F.2d 829, 835 (9th Cir. 1990).  However, "a mere demonstration of inequality is not enough;" rather, petitioner must show that inmates in similar situations received credit restorations when petitioner did not.  Id.  In this case, petitioner has not borne his burden of showing that others in his situation–who had received a rules violation during the disciplinary-free period established by California regulation–were successful in reversing the loss of credit.  Accordingly, he has not shown an equal protection violation.

Accordingly, IT IS HEREBY RECOMMENDED that claims one through three of petitioner's application for a writ of habeas corpus be dismissed as untimely and that claim four of the petition be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written

1  objections with the court and serve a copy on all parties.  Such a document should be captioned
2  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
3  shall be served and filed within ten days after service of the objections.  The parties are advised
4  that failure to file objections within the specified time may waive the right to appeal the District
5  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

6  DATED:  June 30, 2008.

_____
U.S. MAGISTRATE JUDGE

2
wolf1498.157